| | | |
|---|---|---|
| | AUSA: Rawsthorne | Telephone: 810-766-5177 |
| AO 91 (Rev. 08/09) Criminal Complaint | Special Agent : Michael Wiggins | Telephone: 810-239-5775 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

GENERAL JASPER TYLER III,

    Defendant(s).

Case: 4:16-mj-30106
Judge: Davis, Stephanie Dawkins
Filed: 03-09-2016
CMP USA v GENERAL JASPER TYLER III (TH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of <u>February 13, 2016</u>, in the county of <u>Genesee</u> in the <u>Eastern</u> District of <u>Michigan</u>, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a Controlled Substance |
| 18 U.S.C. § 924(c) | Use of a Firearm in Relation to a Drug Trafficking Crime, |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

On or about February 13, 2016, General Jasper Tyler III, violated 21 U.S.C. § 841(a)(1), distribution of a controlled substance, 18 U.S.C. § 924(c), use of a firearm in relation to a drug trafficking crime, and 18 U.S.C. § 922(g)(1), possession of a firearm by a felon.

☑ Continued on the attached sheet.

_____
Complainant's signature

Michael Wiggins, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: March 9, 2016

_____
Judge's signature

City and state: Flint, Michigan

Stephanie Dawkins Davis, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

1.  I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice (DOJ), currently assigned to the FBI's Detroit Division, Flint Resident Agency (FLRA). I have been so employed since March 2004. As such, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of 18 U.S.C. § 2510(7), and as an officer of the United States, I am empowered by law to conduct investigations of, and make arrests for, the offenses enumerated in 18 U.S.C. § 2516.

2.  As part of my employment, I have received training in and been involved in investigations regarding drug trafficking, money laundering, threats, financial crimes, crimes involving gang related activities, child pornography and other violations of federal law.

3.  This Affidavit is submitted in support of a complaint and arrest warrant for GENERAL JASPER TYLER III. It is my opinion there exists probable cause to believe TYLER has violated 21 U.S.C. § 841(a)(1), distribution of a controlled substance, 18 U.S.C. § 924(c), use of a firearm in relation to a drug trafficking crime, and 18 U.S.C. § 922(g)(1), possession of a firearm by a felon. This Affidavit is intended to show only sufficient probable cause for the requested order and does not set forth all of my knowledge about this matter. In addition, the information contained in this affidavit is based on personal knowledge and on reports made to me by other law enforcement officers.

4.  On the night of February 12, 2016, HEATHER FOUST was staying at the Super Eight Motel in Burton, Michigan, in room 203, with CHRISTOPHER CROCKETT. She had been staying there for more than one week. At some during the night or early on February 13, 2016, FOUST exited her room and encountered TYLER who was staying in room 211. According to FOUST, they discussed a possible drug transaction and entered TYLER's room.

TYLER's girlfriend, KENYATTA GRAY, was also present in room 211.

5. According to FOUST, she initially requested to buy a small amount of marijuana, but TYLER declined explaining that he did not deal in small quantities. FOUST was in possession of a Smith & Wesson, .40 caliber handgun, serial number DYL4768, which belonged and was registered to CROCKETT. Following additional discussions, FOUST and TYLER agreed to trade the handgun for $100 worth of cocaine and marijuana. FOUST advised she would return the next morning with cash related to a tax refund. TYLER agreed. Thereafter, FOUST used the cocaine with another, unidentified individual before returning to her room.

6. When FOUST returned to her room without the firearm, she was confronted by CROCKETT. CROCKETT called law enforcement. When officers from the Burton Police Department arrived, they conducted an investigation. FOUST informed officers she had been robbed by an individual in room 211. Officers knocked on the door of room 211 which was eventually answered by TYLER. TYLER provided consent to search the room. During the search of the room, officers located CROCKETT's firearm under a small, black refrigerator on the floor. Officers also located and seized approximately 0.6 grams of crack cocaine and 0.9 grams of cocaine. TYLER and FOUST were arrested on local charges.

7. I interviewed FOUST at the Genesee County Jail following her arrest. During this interview, she initially explained she was robbed by TYLER. Thereafter, she admitted to trading the firearm for cocaine and marijuana. She explained she initially lied because she was ashamed of her actions and afraid to lose custody of her children. I believe that this version is accurate because: 1) other information that I have learned about this case corroborates this version of events; 2) based on my training and experience, I am aware drug users will often temporarily trade an item for drugs; and 3) as outlined below, Foust provided further information that demonstrated

interactions with TYLER.

8. FOUST provided consent to search her cellular telephone. During her interview, she explained TYLER provided his cellular telephone number, which FOUST entered in her contact list as "Big O." I conducted a search of her cellular telephone and observed a contact entry for Big O with telephone number 810-701-4242. GRAY provided the same telephone number for TYLER, and the Burton Police Department report of the initial incident lists this number as belonging to TYLER. I am aware that TYLER also uses the street name "Osama." I believe "Big O" is a reference to this name.

9. On July 12, 2013, TYLER pleaded guilty to Possession of Cocaine Less than 25 grams in the State of Michigan, 7th Judicial Circuit Court, Genesee County, Michigan. He was sentenced to a term of imprisonment from one year and one month to eight years. TYLER was also convicted on July 25, 2013, of violating 18 U.S.C. § 922(g)(1), in the Eastern District of Michigan. He is currently on Supervised Release.

10. On February 17, 2016, I contacted Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent John Miller and described the firearm described above. SA Miller, a firearms interstate nexus expert, advised the firearm was manufactured outside of the state of Michigan.

11. Based upon the foregoing information, it is my opinion that probable cause exists that TYLER has violated 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g)(1) by trading a controlled substance for a firearm.

12. I, Special Agent Michael S. Wiggins, Federal Bureau of Investigation, being duly sworn according to law, hereby state that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

Dated the 9th day of March 2016, at Flint, Michigan.

_____
Michael S. Wiggins
Special Agent
Federal Bureau of Investigation
Flint, Michigan


Subscribed and sworn to before me this 9th day of March, 2016.

_____
Hon. Stephanie Dawkins Davis
United States Magistrate Judge
Eastern District of Michigan